UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Haylee Caudill,** individually and on behalf of all others similarly situated,

Plaintiff,

v.

**Crawford Communities, LLC**
c/o KBHR STATUTORY AGENT CORP.
P.O. BOX 361715
COLUMBUS OH 43236

Defendant.

No.

Judge
Magistrate Judge

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, Haylee Caudill ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Crawford Communities, LLC (hereafter referred to as "Crawford" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq*.; Ohio Prompt Pay Act, O.R.C. § 4113.15, O.R.C. § 2307.60 and Fed. R. Civ. P. 23 for Crawford's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Crawford's. Plaintiff brings this action on behalf of herself and similarly-situated current and former non-exempt hourly employees who worked for Crawford.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time

they spend working in excess of 40 hours in a given workweek. Crawford failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Crawford's violations of federal and Ohio law as detailed further below.

4. Crawford violated the FLSA and OMWFSA by paying Plaintiff, the Collective Members and the Class Members their straight time hourly rates of pay for hours worked that were in excess of forty (40) hours in a given workweek.

5. Under the FLSA and OMWFSA, "[b]ona fide meal periods are not worktime. . . [t]he employee must be completely relieved from duty for the purposes of eating regular meals. . . [t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *See* 29. C.F.R. § 785.19.

6. Crawford violated the FLSA and OMWFSA by automatically deducting a thirty-minute meal break from each and every shift Plaintiff, the Collective Members and the Class Members worked regardless of whether Plaintiff, the Collective Members and the Class Members were able to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant is domiciled in this District.

9. At all relevant times, Plaintiff has been a resident of Ohio and performed work for Crawford in Dayton, Ohio.

10. Crawford regularly conducts business in and has engaged in the wrongful conduct alleged herein and is domiciled – and, thus, is subject to personal jurisdiction in – this judicial district.

11. Plaintiff, the Collective Members and the Class Members in their work for Crawford were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

**PARTIES**

12. At all times material to the matters alleged in this Complaint, Plaintiff was an employee of Crawford's in Dayton, Ohio.

13. Plaintiff was employed by Crawford as a leasing agent from approximately April. 2024 through approximately October, 2024.

14. The Collective Members are all current and former non-exempt hourly employees who worked for Crawford at any point in the three years preceding the filing of the original Complaint.

15. The Class Members are all current and non-exempt hourly employees who worked for Crawford in the state of Ohio at any point in the three years preceding the filing of the Complaint.

16. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

17. At all material times, Crawford was licensed to transact business in the State of Illinois.

18. Under the OMFWSA and FLSA, Crawford is an employer. At all relevant times, Crawford had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Crawford. As a person who acted in the interest of Crawford in relation to the company's employees, Crawford is subject to liability under the OMFWSA and FLSA.

19. At all material times, Plaintiff and the Class and Collective Members were employees of Crawford as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

20. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

21. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached as "**Exhibit A**" and is attached again hereto.

**FACTUAL ALLEGATIONS**

22. Crawford, among other things, manages apartment rentals in and around Ohio.

23. Plaintiff was employed by Crawford as a leasing agent from approximately April, 2024 through approximately October, 2024.

24. The Collective Members are all current and former non-exempt employees who worked for Crawford at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's minimum wage and overtime requirements.

25. The Class Members are all current and former non-exempt employees who worked for Crawford in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

26. At all relevant times, Plaintiff was compensated on an hourly basis.

27. In her work for Crawford, Plaintiff worked in excess of forty hours in a given workweek. For example, from September 5, 2024 through September 19, 2024, Plaintiff worked no less than 82.62 hours, but did not receive any overtime pay.

28. During each and every workweek, Plaintiff, the Class and Collective Members were paid on an hourly basis.

29. At all relevant times, Plaintiff, the Collective Members and the Class Members were subject to Crawford's Meal Policy.

30. Pursuant to Crawford's Meal Policy, Crawford automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff, the Collective Members and the Class Members.

31. Crawford made this automatic 30-minute deduction from Plaintiff's, the Collective Members' and the Class Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

32. The job demands of Plaintiff, the Collective Members and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

33. Nevertheless, Crawford automatically deducted thirty minutes from every shift worked by Plaintiff, the Collective Members and the Class Members, thereby denying them lawful overtime.

34. In light of Crawford's conduct, Plaintiff and Class and Collective Members are owed significant unpaid wages and penalties.

35. Plaintiff and Class and Collective Members are and were non-exempt employees.

36. Plaintiff and Class and Collective Members are and were paid on an hourly rate basis.

37. When they work more than forty (40) hours in a workweek, they are entitled to overtime pay.

38. As a result of Crawford's company-wide policies, Plaintiff and Class and Collective Members were not paid for all time worked each day and are owed significant unpaid wages.

39. Crawford's method of paying Plaintiff and Class and Collective Members in violation of Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Crawford knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed by Crawford.

42. Crawford subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

43. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

44. The Collective Members perform or have performed the same or similar work as Plaintiff.

45. Crawford's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

46. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Crawford that caused harm to all of the Collective Members.

47. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Crawford's current and former non-exempt hourly employees who worked for Crawford at any time from three years preceding the filing of the Complaint to the present.**

48. Crawford's unlawful conduct, as described herein, is pursuant to Crawford's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

49. Crawford is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all overtime as detailed herein.

50. Crawford's unlawful conduct has been widespread, repeated, and consistent.

51. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

52. Upon information and belief, the individuals similarly situated to Plaintiff includes thousands of non-exempt hourly employees currently and/or formerly employed by Crawford. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Crawford's possession, custody, or control, but it can be readily ascertained from their employment records.

53. Notice can be provided to the Collective Members by First Class Mail to the last address known to Crawford, via email at the last known email address known to Crawford and by text message to the last known telephone number known to Crawford.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

> **Rule 23 Class**
>
> **The Class Members are all of Crawford's current and former non-exempt hourly employees who worked for Crawford, within Ohio, at any time from three years preceding the filing of the Complaint to the present.**

**Numerosity (Rule 23(a)(1)).**

56. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Crawford employed greater than one hundred people who satisfy the definition of the Class Members.

**a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

57. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Crawford unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

b. Whether Crawford unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

**b. Typicality (Rule 23(a)(3)).**

58. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Crawford's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

**c. Adequacy (Rule 23(a)(4)).**

59. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**d. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

60. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Crawford acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

**e. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

61. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Crawford's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Crawford's practices.

62. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiff and the Collective Members)**

63. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

64. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Crawford failed to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek.

65. Crawford violated the FLSA by paying Plaintiff and the Collective Members their straight time hourly rates of pay for hours worked that were in excess of forty (40) hours in a given workweek.

66. For example, from September 5, 2024 through September 19, 2024, Plaintiff worked no less than 82.62 hours, but did not receive any overtime pay.

67. Crawford has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

68. At all relevant times, Plaintiff and the Collective Members were subject to Crawford's Meal Policy.

69. Pursuant to Crawford's Meal Policy, Crawford automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Collective Members.

70. Crawford made this automatic 30-minute deduction from Plaintiff's and the Collective Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

71. The job demands of Plaintiff and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

72. Nevertheless, Crawford automatically deducted thirty minutes from every shift worked by Plaintiff and the Collective Members thereby denying them lawful minimum and overtime wages.

73. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

74. At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to Crawford's policy of requiring Plaintiff, the Collective Members and the Class Members to spend time working prior to clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

75. Crawford knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Crawford was aware of the FLSA's minimum wage and overtime requirements. As such, Crawford's conduct constitutes a willful violation of the FLSA.

76. As a result of Crawford's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Crawford's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Crawford violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiff and the Class Members who elect to opt-in)**

77. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

78. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

79. Under the OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Crawford failed to pay Plaintiff and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek.

80. Crawford violated the OMFWSA by paying Plaintiff and the Class Members their straight time hourly rates of pay for hours worked that were in excess of forty (40) hours in a given workweek.

81. For example, from September 5, 2024 through September 19, 2024, Plaintiff worked no less than 82.62 hours, but did not receive any overtime pay.

82. Crawford has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

83. At all relevant times and the Class Members were subject to Crawford's enterprise-wide Meal Policy.

84. Pursuant to Crawford's Meal Policy, Crawford automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Class Members.

85. Crawford made this automatic 30-minute deduction from Plaintiff's and the Class Members' pay regardless of whether they actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

86. The job demands of Plaintiff and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

87. Nevertheless, Crawford automatically deducted thirty minutes from every more worked by Plaintiff and the Class Members, thereby denying them lawful minimum and overtime wages.

88. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

89. As a result of Crawford's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled

to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: OHIO PROMPT PAY ACT**
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

90. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

91. During all relevant times, Crawford was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

92. O.R.C. § 4113.15(A) requires that Crawford pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

93. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

94. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Crawford has also violated the Ohio Prompt Pay Act.

95. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

96. In violating Ohio law, Crawford acted willfully, without a good faith basis and with reckless disregard to Ohio law.

97. As a result of Crawford's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**COUNT FOUR: O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Class Members who decline to opt-out)**

98. Plaintiff restates and incorporate the foregoing allegations as if fully rewritten herein.

99. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

100. By their acts and omissions described herein, Crawford has willfully violated the FLSA, and Plaintiff and the Class Members have been injured as a result.

101. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

102. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to [O.R.C. § 2307.60]." *See Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12, 16 (S.D. Ohio, March 23, 2023).

103. As a result of Crawford's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff, Haylee Caudill, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Crawford:

A. For the Court to declare and find Crawford committed one or more of the following acts:

i. violated the minimum wage and overtime provisions of the FLSA;

ii. willfully violated the minimum wage and overtime provisions of the FLSA;

iii. violated the minimum wage and overtime provisions of the OMFWSA;

iv. willfully violated the minimum wage and overtime provisions of the OMFWSA;

v. willfully violated the Ohio Prompt Pay Act; and

vi. willfully violated O.R.C. § 2307.60.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and Collective Members and for the risks she took in doing so; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: September 19, 2025

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (OH#0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com